IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDOM ODOM, § | |
| TDCJ-CID NO.1040100, § | |
|    Petitioner, § | |
| v. § | CIVIL ACTION H-05-1903 |
| § | |
| BRAD LIVINGSTON, *et al.*, § | |
| § | |
|    Respondents. § | |

OPINION ON DISMISSAL

Petitioner Brandom Odom, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed through counsel a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2001 state court felony conviction. (Docket Entry No.1). Respondent seeks summary judgment because petitioner's federal habeas petition is time-barred. (Docket Entry No.9). In response to the motion for summary judgment, petitioner concedes that his petition is not timely filed but claims that he is entitled to equitable tolling of the limitations period. (Docket Entry No.14). After considering the entire record and the applicable law, the Court will grant respondent's motion for summary judgment and dismiss the petition.

I. Background

Petitioner reports that on May 21, 2001, he was convicted in the 12th District Court of Walker County, Texas, of murder in cause number 20,689. He was sentenced to forty years confinement in TDCJ-CID. Petitioner's conviction was affirmed on direct appeal and on April 16, 2003, his petition for discretionary review ("PDR") was refused. *Odom v. State*, No. 01-01-00730-CR (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (opinion not designated for publication). Although petitioner

did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about July 15, 2003. *See* 28 U.S.C. § 2244(d)(1)(A).

On July 14, 2004, petitioner filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied on May 25, 2005. *Ex parte Odom*, Application No. 59,969-01 at cover. Petitioner filed the pending federal petition for a writ of habeas corpus on May 31, 2005. (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the ground that he was denied the effective assistance of counsel at trial. (Docket Entry No.1). Respondent moves for summary judgment on the ground that petitioner's federal habeas action is time-barred and he is not entitled to equitable tolling. (Docket Entry No.9).

## II. Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque*

*Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*,

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

As noted above, under AEDPA, petitioner's one-year limitation period began on or about July 15, 2003, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on July 15, 2004. On July 14, 2004, one day before the AEDPA limitations period expired, petitioner submitted his state habeas application to the Texas Court of Criminal Appeals. Petitioner's habeas application was pending before the Texas Court of Criminal Appeals for three hundred and fifteen days; thus tolling the limitations period for filing the federal application until May 26, 2005. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner filed the pending federal habeas application on May 31, 2005, days after limitations expired; therefore, it is untimely.

Respondent contends that petitioner is not entitled to equitable tolling. Petitioner, however, seeks equitable tolling from May 25, 2005, the date the Texas Court of Criminal Appeals ruled on his state habeas application, until May 31, 2005, the date that he filed the pending petition. Petitioner contends that the Texas Court of Criminal Appeals delayed notification of its ruling for two days by placing the notification card in the mail on Friday, May 27th. Petitioner's counsel claims he could not file the pending petition until Tuesday, May 31st, because this Court was closed on Monday,

May 30th for Memorial Day. (Docket Entry No.14). Petitioner does not explain why he waited until the day before the AEDPA deadline expired to file his state habeas application.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir.1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

The facts of this case closely mirror those in *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999), in which the Fifth Circuit held that the petitioner was not entitled to equitable tolling where the petitioner's state habeas application was filed one day before the expiration of the federal statute of limitations and the petitioner's notification of the denial of the state application was delayed. Like *Ott*, the state application in this case could readily have been filed a few days earlier, allowing an adequate period for filing of the federal petition after final denial of the state application. The circumstances that delayed the filing of the pending application, as in *Ott*, do not constitute a "rare and exceptional" circumstance, which warrants equitable tolling. Therefore, petitioner has not shown his entitlement to equitable tolling of the limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999) (noting that "[e]quity is not intended for those who sleep on their rights).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Petitioner's federal petition is barred by the

AEDPA's one-year limitation period. Therefore, respondent is entitled to summary judgment as a matter of law.

### III. Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not shown that reasonable jurists would find the Court's procedural ruling debatable therefore, a certificate of appealability from this decision will not issue.

...

## IV. Conclusion

Accordingly, the court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.9) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on June 9, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE